Jones, J.,
 

 dissenting. In my judgment, this case presents a grave federal question. The Home Owners’ Loan Corporation was organized under the laws of the United States, with its principal place of busi- ‘ ness in the city of Washington, D. C. These corporations are in close control of the federal government.
 

 My dissent is based upon the fact that, since the home owner’s mortgage was executed on January 8, 1934, the statute subsequently enacted and becoming
 
 *495
 
 effective September 2, 1935, diminishes the mortgage security and applies a part of its proceeds belonging to the mortgagee to the payment of fees to the attorneys and commissions to the administrator. This clearly impairs the obligation of a contract in contravention of Article I, Section 10, of the United States Constitution, which provides that no state shall pass a law impairing the obligation of contracts. The Ohio Constitution has a similar provision in Article II, Section 28, which reads: ‘ ‘ The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts*”
 

 The act effective September 2, 1935, enacted subsequent to, the execution of this mortgage, clearly impairs the obligation of the contract entered into by the mortgagee in 1934. The facts presented disclose that the proceeds of sale of the mortgaged premises were insufficient to pay the mortgage debt; and yet, notwithstanding that fact, the Probate Court further depleted the mortgagee’s security by ordering the payment of commissions to the administrator and fees to his attorney. I do not disagree that “costs” should be paid out of the proceeds; costs have always been paid out of the proceeds of sale under the laws of our state. But the statute designates the allowances made not as “costs,” but as fees and compensation. Had this mortgage been executed subsequent to the enactment of our statute, I would not raise the question as, in that event, the Jaw would not be retroactive and the mortgagee would be considered as assuming the statutory burdens which might affect his security in the future. 8 Ohio Jurisprudence, 577. But this is not so where the burdens ensue after the execution of the mortgage contract. The law applicable in such cases is clearly stated in 6 Ruling Case Law, 365, Section 360. Citing state and federal authority, the text reads:
 

 ■“Mortgages. The general rule is that the law in
 
 *496
 
 force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of a mortgage; and hence it is that changes in the laws, imposing conditions and restrictions on a mortgagee in the enforcement of his right, and which affects its substance; are invalid as impairing the obligation and cannot prevail.”
 

 The underlying principle presented is clear. ¡ By a subsequent law, the mortgagee, within the meaning of the foregoing text, has had conditions and restrictions in the enforcement of his right imposed upon him which did not exist when his mortgage was executed.
 

 Our state has always adhered to that rulé of constitutional law announced in Ruling Case Law. In 8 Ohio Jurisprudence, 577 and 578, Section 441,. we find the following text: “The provision of the federal Constitution prohibiting the impairment of the obligation of contracts was intended to prohibit every mode or device having such purpose,” etc. It is further stated in Section 443: “One of the tests that a contract has been impaired is that its value, by legislation, has been diminished. New burdens cannot be imposed so as to decrease materially the value and benefit of a contract.”
 

 An Ohio case frequently referred to is
 
 Goodale
 
 v.
 
 Fennell,
 
 27 Ohio St., 426, 22 Am. Rep., 321, where, in the course of his opinion on page 431, Johnson, J., states the principle as follows:
 

 ‘ ‘ The obligation of a contract consists in its binding force on the party who made it. * * * When the contract is once made, the law then in force defines the duties and rights of the parties under it. Any change which impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by a contract, is obnoxious to this constitutional provision.”
 

 
 *497
 
 If it be claimed that the statute is remedial only, the same principle applies. In 6 Ruling Case Law,' 355 and 356, Sections 352 and 353, citing ample state and federal authority, the same constitutional rule is applied to the . remedy as well as the substance if the remedy impairs the contract.
 

 Section 352.
 
 “Remedies as Part of Contract.
 
 It is a fundamental principle of constitutional law in reference to the obligation of contract that the laws in force at the time of making a contract and the right to a remedy enter into and form a part of it as if they were expressly referred to or incorporated in its terms, and that they likewise constitute a part of its obligation. * *
 
 m
 

 Section 353.
 
 “Alteration of Remedies in General.
 
 Under the inhibition in the federal constitution as to legislation impairing the obligation of contracts it is immaterial whether the obligation of a contract is impaired by acting on the remedy or directly upon the contract. Impairment in either case is prohibited by the Constitution.”
 

 One can readily conceive that cases may arise under the newly enacted statute where the attorney fees and commissions of the administrator would absorb all of the proceeds of a mortgage sale and leave the mortgagee nothing. No doubt many Home Owners’ Loan Corporations existing in Ohio have mortgages executed prior to the enactment of the recent statute where the mortgagees, because of the depression, will greatly suffer because of the depreciation in values of the mortgaged property, if the principle announced by the majority is applied.
 

 For the reasons thus briefly stated, I dissent from the judgment of the majority of this court.
 

 Williams, J., concurs in the dissenting opinion.